# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **BAO DI LIU,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:17-cv-01392-AKK-HNJ** |
| | ) | |
| **JEFF SESSIONS, et al.,** | ) | |
| | ) | |
| **Respondents** | ) | |

## <u>MEMORANDUM OPINION</u>

Respondents have filed a Motion to Dismiss Petition as Moot.  Doc. 9. Petitioner initially filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from detention pending deportation to China.  Respondents released him from custody on an order of supervision on December 4, 2017, *see* doc. 9-1, and now move for dismissal of his habeas petition as moot.

After consideration of the record in this action and respondent's motion, the court finds that petitioner's release on an order of supervision has rendered his habeas corpus petition moot.  S*ee Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003); *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). Moreover, the court finds that no exceptions to the mootness doctrine apply in this case.  *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Carafas v. La Vallee*, 391

U.S. 234, 237 (1968).  Therefore, the court **GRANTS** respondent's Motion to Dismiss Petition, doc. 9, and **DISMISSES** this action as **MOOT**.

**DONE** the 28th day of March, 2018.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE